# STATE OF MICHIGAN

# COURT OF APPEALS

BRENDA HERZEL MASSEY,

       Plaintiff/Counter-Defendant-
Appellant,

v

MARLAINA, LLC,

       Defendant/Counter-Plaintiff-
Appellee,

and

DAWN MUELLER, STB BROKERAGE, and
COLDWELL BANKER WEIR MANUEL,

       Defendants.

UNPUBLISHED
July 20, 2017

No. 332562
Oakland Circuit Court
LC No. 2015-148623-CH

Before: MURPHY, P.J., and TALBOT, C.J., and O'CONNELL, J.

PER CURIAM.

In this dispute over an agreement to purchase real property, the trial court denied plaintiff/counter-defendant Brenda Massey's motion for summary disposition pursuant to MCR 2.116(C)(10) and subsequent motion for leave to file her first amended complaint, with prejudice. The trial court granted defendant/counter-plaintiff Marlaina, LLC's request for declaratory judgment, declaring that the parties' purchase agreement was valid, and subsequent motion to dismiss its claim for breach of contract, without prejudice. Massey appeals as of right. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Massey owns a parcel of real property. Marlaina executed a real estate purchase agreement in which it offered to purchase the property.

Massey accepted the offer, and Marlaina's agent acknowledged the acceptance on July 2, 2015, the agreement's effective date. Purchase agreement ¶ 10 stated that the agreement was contingent upon Marlaina conducting an inspection of the property, including its environmental condition, within 14 days of the agreement's effective date. Paragraph 6 stated that Marlaina

-1-

agreed to deposit $195,000 in earnest money with a broker "within 16 days after [Marlaina's] receipt of an accepted offer."

In a letter dated July 16, 2015, Marlaina indicated that it "accepts the Property after inspections," "subject to [Massey] complying with and satisfying all remaining terms of the Purchase Agreement." Significantly, Marlaina stated that Massey had an obligation to provide reports on the property's environmental condition. Marlaina never deposited the $195,000 in earnest money.

Massey informed Marlaina that she was terminating the purchase agreement and filed a declaratory judgment action against Marlaina, asking the trial court to declare the agreement null and void. Massey alleged that Marlaina failed to comply with its inspection provision and failed to pay the required earnest money.

Marlaina countersued. Marlaina also sought declaratory judgment, asking the trial court to declare that the agreement should be enforced. Additionally, Marlaina brought a breach of contract claim, seeking an order that Massey must comply with the purchase agreement.

Massey moved for summary disposition, arguing that the trial court should declare the purchase agreement null and void because Marlaina failed to satisfy the agreement's inspection provision. Marlaina asked the trial court to deny the motion, enter judgment in its favor pursuant to MCR 2.116(I)(2), and enter judgment against Massey on her complaint for declaratory relief.

The trial court entered an order denying Massey's motion for summary disposition. In a hearing on the motion, it explained that it also granted Marlaina's "motion for declaratory judgment, that the contract is valid." The trial court later entered an order granting Marlaina's claim for declaratory judgment.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. See *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a complaint. *Id*. at 120. In evaluating this motion, "a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. A trial court must grant the motion if it finds "no genuine issue as to any material fact" and determines that "the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

We also review de novo whether the trial court properly interpreted and applied a contractual agreement. See *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). We interpret an agreement according to its plain and ordinary meaning. *Woodington v Shokoohi*, 288 Mich App 352, 373-374; 792 NW2d 63 (2010). An agreement is unambiguous if it "fairly allows but one interpretation." *Morley v Auto Club of Mich*, 458 Mich 459, 465; 581 NW2d 237 (1998). We enforce unambiguous contract provisions as written. See *id*.

## III. SUMMARY DISPOSITION

Massey argues that the trial court erred when it denied her motion for summary disposition. We agree.

Paragraph 10 of the parties' purchase agreement states:

This Agreement is contingent upon the Buyer [Marlaina] examining the property for physical condition including, but not limited to, . . . the 'environmental condition' of the property . . . . This inspection may be conducted by a contractor of [Marlaina's] own choice and expense, and shall occur within 14 calendar days after [Marlaina's] receipt of an accepted copy of this Agreement, 'the effective date.' If [Marlaina] is satisfied with the results of all said inspections, this contingency shall be considered waived at the end of the time period stated above and all terms and conditions of the agreement shall be binding. If [Marlaina] is dissatisfied with the results of any of the inspections, [it] shall do one or a combination of the following within the contingency period stated above:

1. Present to [Massey] an addendum for mutual agreement that cites a list of repairs and/or conditions to be remedied prior to closing.

2. Present to [Massey] an addendum for mutual agreement with a credit to be applied against the purchase price, and/or a price reduction, in full satisfaction of the inspection contingency.

3. In the event [Massey] and [Marlaina] are unable to reach an agreement to [Marlaina's] proposals made under #1 or #2 above, [Marlaina] shall either elect to proceed with the transaction by waiving this contingency in writing, or declare this agreement null and void, by election of #4 below, failing either of which this agreement shall automatically become null and void at the end of the contingency period and all earnest money shall be returned to [Marlaina].

4. Present [Massey] with a Notice of Dissatisfaction with the home inspection which shall render this agreement null and void, in which case [Massey] authorizes the Broker to return all earnest money to [Marlaina].

The purchase agreement lists July 2, 2015, as its "effective date." Therefore, the agreement required Marlaina to inspect the property by July 16, 2015. On July 16, 2015, Marlaina sent a letter to Massey stating that it "accepts the Property after inspections . . . subject to [Massey] complying with and satisfying all remaining terms of the Purchase Agreement." Significantly, Marlaina stated that its acceptance was subject to Massey's "obligation to provide certain inspection reports and representations . . . particularly as to environmental reports and the effect of environmental conditions with respect to the Property and as they relate to [Massey's] disclosures."

This letter demonstrates that Marlaina failed to complete its duty to inspect the property. The plain language of the agreement unambiguously requires Marlaina—not Massey—to "examin[e] the property for physical condition including, but not limited to, . . . the 'environmental condition' of the property" by July 16, 2015. Marlaina's July 16, 2015 letter confirms that Marlaina failed to do so, and the purchase agreement was "contingent upon" this

inspection.[1]   Therefore, the trial court erred in denying Massey's motion for summary disposition.

Further, because Marlaina failed to comply with this condition, Marlaina had no right to Massey's performance under the agreement. *See Able Demolition v Pontiac*, 275 Mich App 577, 583-584; 739 NW2d 696 (2007).   Therefore, the trial court further erred in granting Marlaina's request for declaratory judgment, and Marlaina could not sustain a claim for breach of contract. See *id*.

Additionally, we note that Massey was entitled to declaratory relief because Marlaina failed to comply with the purchase agreement's earnest money provision.   Massey improperly raised this issue in her reply brief.   See MCR 7.212(G).   Nevertheless, we may consider an issue not properly raised as justice requires.   *LME v ARS*, 261 Mich App 273, 287; 680 NW2d 902 (2004).   Further, we have the authority to "enter any judgment or order or grant further or different relief as the case may require."   MCR 7.216(A)(7).

Paragraph 6 of the purchase agreement states, in relevant part, that

[Marlaina] is depositing with Broker the amount of $5,000 payable in the form of a personal check, money order, cashier's check or certified funds.  An additional $195,000 shall be deposited with Broker by [Marlaina] within 16 days after [Marlaina's] receipt of an accepted offer making total earnest money on deposit $200,000.  All monies shall be deposited by Broker in accordance with rules and regulations of the Michigan Department of Licensing and Regulatory Affairs, and applied to purchase price at closing.

Marlaina admitted to the trial court that it did not pay the $195,000 sum, but argued that it was not required to do so until Massey complied with her obligations under the agreement to maintain the property in a certain condition and the sale closed.[2]   As shown by the plain, unambiguous language of ¶ 6, Marlaina's argument is incorrect.   Rather, Marlaina's failure to comply with ¶ 6 provided an alternate basis for the trial court to grant Massey declarative relief.

Because the above analysis resolves Massey's suit and Marlaina's countersuit in Massey's favor, we do not consider the other issues Massey raised on appeal.

---

[1] As Marlaina notes on appeal, the parol evidence rule prevents courts from using the letter to contradict or vary the terms of the parties' unambiguous agreement.   See *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411 (1998).

[2] We would reject any argument to construe ¶ 40 as suspending Marlaina's obligation to pay earnest money until Massey complies with her pre-closing maintenance obligations listed in ¶ 27 because such a construction would render ¶ 6 nugatory.   See *Woodington*, 288 Mich App at 374.

We reverse and remand.  We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Michael J. Talbot
/s/ Peter D. O'Connell